W. L. MacKAY, Trustee, Respondent, v. JAMESTOWN GAS COMPANY, a Corporation, and A. D. Grant, Appellants.

(171 N. W. 92.)

**Negotiable instruments — corporations — authority of agent — ostensible authority.**

This is an action on a promissory note of the Jamestown Gas Company. The note was given for the balance of an account due from the gas company to the plaintiff. It was made in the name of the company by one A. D. Grant, who was the general agent, general manager, secretary and treasurer of the company. It is *held* that Grant had ostensible authority to execute the note on behalf of the gas company.

Opinion filed January 31, 1919.

An appeal from the District Court of Barnes County, Honorable *J. A. Coffey*, Judge.

Affirmed.

*C. S. Buck*, for appellants.

The burden was on the plaintiff to show that Grant, as secretary and treasurer, was authorized by the corporation's by-laws, or some resolution of the corporation, to execute the note. Jacobus v. Jamestown Mantel Co. (N. Y.) 105 N. E. 210; Mather v. Union L. & T. Co. 7 N. Y. S. 213; Olcott v. Tioga R. Co. 27 N. Y. 546.

*Winterer, Combs, & Ritchie*, for respondent.

Where the agent of a corporation is clothed with ostensible authority to execute notes, the plaintiff was not charged with knowledge of the contents of the corporation's by-laws, or with negligence in failing to acquaint himself with their contents. Merritt v. Adams Co. Land & Invest. Co. (N. D.) 151 N. W. 11; Grant County State Bank v. Northwestern Land Co. 28 N. D. 479, 150 N. W. 736; 10 Cyc. 930; Stubbs v. Bank, 12 Ga. App. 539, 77 S. E. 893.

RobinSON, J. This is an appeal from a judgment against each defendant on a promissory note, dated January 28, 1914, due August 1, 1914, for $1,115.26, with interest at 7 per cent. Pending the action several payments were made on the note, and on January 16, 1917,

judgment was entered for $931.49. The note was made by A. D. Grant for the company and himself, and at the time of making it he was acting as the general agent, manager, secretary, and treasurer of the company. He signed the note thus: "The Jamestown Gas Company, by A. D. Grant, Secretary and Treasurer." Before delivery he signed his own name on the back of the note and thereby became liable as a principal the same as if his name had been signed on the face of the note. The consideration for his signature was an extension of time to pay the debt. Before making the note Grant looked over the books of the company, in his possession as secretary and treasurer, and computed the amount due. After suit was brought a written stipulation was made that the note was given for the correct amount due, and the suit was continued over several terms to give defendants a chance to make monthly payments. The stipulation was dated January 4, 1915, and approved by the court. Afterwards, on September 26, 1916, the stipulation was set aside on affidavits challenging its correctness. Then, on January 14, 1917, the case was brought on for trial, and at the close of the testimony each party moved for a directed verdict, and by such motion the case was taken from the jury and submitted to the court.

The main defense was that Grant did not have authority to make the note for the gas company, and that his signature was without consideration. But the evidence clearly shows that at and prior to the time of the making of the note Grant was acting as the general agent, manager, secretary, and treasurer of the company, and hence he had ostensible authority to make the note; and the extension of time for payment of the debt from the date of the note until its maturity was ample consideration for the signature of Grant, and as he signed the note before its delivery and acceptance he became a joint maker, and not merely an indorser. Of course the defendant had ample opportunity to answer and to offer evidence to reduce the amount of the note by showing any mistake or error in the account for which it was given, but the answers do not aver any mistake in the note or in the account for which it was given, and the evidence does not show any error or mistake. The showing is that the note was given for the precise amount due and owing by the gas company to the plaintiff.

On the pleadings and the evidence and the whole record, it does not

appear that the defense was made in good faith. It does appear that the note was justly due and owing on August 1, 1914, which is four and one-half years ago.

Judgment affirmed and case remanded forthwith.

CHRISTIANSON, Ch. J., and BRONSON and BIRDZELL, JJ., concur in the result.

CHRISTIANSON, Ch. J. (concurring specially). The plaintiff recovered judgment in this case against both A. D. Grant and the Jamestown Gas Company. The liability of Grant is conceded. He has not appealed. And the only question presented to this court is whether Grant had authority to execute the note in behalf of the gas company. I fully concur in the conclusion reached by Mr. Justice Robinson that Grant had ostensible authority to execute such note. I do not, however, concur in his *obiter dicta* regarding the character of liability assumed by a person who places his signature on the back of a negotiable instrument. The character of the liability so assumed is declared by §§ 6948 and 6949, Comp. Laws 1913, to be that of an indorser. All the members of the court, with the exception of Judge Robinson, concur in the views expressed above.